THE LAW OFFICE OF LINDA A. ALBERS
Linda A. Albers          State Bar No. 217250
   Albers@LawSpecialties.com
27794 Hidden Trail Road
LAGUNA HILLS, CALIFORNIA  92654
Telephone:  (949) 900-6995

Attorney for Plaintiff NICOLLE MARSHALL

GOLDBERG KOHN LTD.
David E. Morrison (admitted *pro hac vice*)
   David.morrison@goldbergkohn.com
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
Telephone:  (312) 201-4000
Facsimile:  (312) 332-2196

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Scott K. Dauscher          State Bar No. 204105
   SDauscher@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone:  (562) 653-3200
Fax:  (562) 653-3333

Attorneys for Defendants Abbott Laboratories, Abbott
Laboratories Inc., AbbVie, Inc., and Aneta Austin

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| NICOLLE MARSHALL, an individual;<br><br>                              Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, a corporation; ABBOTT LABORATORIES, INC., which conducts business in California as ABBOTT SALES, MARKETING & DISTRIBUTION CO., a corporation; ABBVIE, INC., a corporation; ANETA AUSTIN, an individual; and DOES 1-20, inclusive,<br><br>                              Defendants. | Case No.  SACV13-01867 JVS (JEMx)<br><br>**[PROPOSED] PROTECTIVE ORDER** |

/ / /

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Upon consideration of the request of Plaintiff Nicolle Marshall and Defendants Abbott Laboratories, Abbott Laboratories Inc., Abb Vie, Inc., and Aneta Austin (collectively, the "Parties"), for a protective order, and in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, and in view of the fact that discovery and trial will require the production and disclosure of documents and testimony that contain confidential, sensitive, and/or proprietary information or trade secrets requiring protection against unrestricted disclosure and use: **IT IS HEREBY ORDERED** that the Parties' request for a protective order is granted, and that, subject to a determination by this Court at any time that such information is not in fact of a confidential or proprietary nature and, therefore, outside the scope of this Protective Order, the following terms and conditions will govern the disclosure of confidential information, production of documents and testimony during discovery and trial in the above-captioned matter:

1. Each document furnished in this litigation by a Party or its representatives which contains or reveals any confidential business information or other confidential matter may be designated CONFIDENTIAL by stamping on each page of the document the legend CONFIDENTIAL INFORMATION or CONFIDENTIAL (hereinafter referred to as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL").  For purposes of this Protective Order, the term "document" shall include all discovery materials, such as interrogatories, requests for admission, document requests, responses to the foregoing, affidavits, or other materials produced or provided in discovery.  Documents and other discovery materials designated CONFIDENTIAL, as well as all materials which quote from or are based upon such material (including, but not limited to briefs, other papers, and attorney work product) shall be subject to the provisions of this Protective Order.

2. Each document furnished in this litigation by a Party or its representatives which contains or reveals any confidential business information or other confidential

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

matter may be designated CONFIDENTIAL by stamping on each page of the document the legend CONFIDENTIAL INFORMATION or CONFIDENTIAL (hereinafter referred to as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL").  For purposes of this Protective Order, the term "document" shall include all discovery materials, such as interrogatories, requests for admission, document requests, responses to the foregoing, affidavits, or other materials produced or provided in discovery.  Documents and other discovery materials designated CONFIDENTIAL, as well as all materials which quote from or are based upon such material (including, but not limited to briefs, other papers, and attorney work product) shall be subject to the provisions of this Protective Order.

3.    The term CONFIDENTIAL INFORMATION shall include all information, documents, and other materials revealed or disclosed during the proceedings and trial of the above matter that are designated "CONFIDENTIAL." CONFIDENTIAL INFORMATION is information that is sensitive, proprietary, or of a competitive nature, as follows:

A.    Work histories, performance ratings, or any other evaluations regarding Plaintiff;

B.    Compensation, benefits, and other financial information regarding Plaintiff;

C.    Medical or health-related information concerning Plaintiff;

D.    Information about disciplinary actions, including terminations, taken against the Plaintiff and the reasons therefore; and

E.    Personal information, including but not limited to the home addresses, telephone numbers, and Social Security numbers of Plaintiff.

**GOOD CAUSE STATEMENT:**

The unauthorized or improper use or disclosure of such confidential information may irreparably harm Plaintiff and could expose Plaintiff  to identity

014519.00011
12011735.1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

theft or other privacy intrusions. The Protective Order is necessary to maintain the confidentiality of such documents and information and is reasonable in scope. The parties do not believe that any party or non-party not directly involved in the present action would be unfairly prejudiced by the entry of the Protective Order to control the use and disclosure of such confidential documents and information in this action.

4.    All documents, testimony, and other materials, or portions thereof, designated as CONFIDENTIAL under this Protective Order and the contents of all such materials, as well as any duplicates, notes, memoranda, and other documents referring in whole or in part to such CONFIDENTIAL INFORMATION, shall be maintained in the strictest confidence by any and all counsel for the Party or Parties receiving the same. Such information shall not be disclosed to any person for any purpose other than for the purpose of pursuing this litigation, and in any event shall not be disclosed to any person (if such person is not employed directly by counsel) unless and until such person executes the "Certificate of Compliance with Protective Order" attached hereto.

5.    A higher level of protection shall be provided for materials designated HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. HIGHLY CONFIDENTIAL information is information relating to trade secrets, know-how, and highly sensitive documents, testimony, or other information, as follows:

A.    Any work histories, performance ratings, or any other evaluations regarding past or present employees other than Plaintiff; compensation benefits and other financial information regarding past or present employees other than Plaintiff; medical or health-related information concerning past or present employees other than Plaintiff; information about disciplinary actions, including terminations, taken against past or present employees other than Plaintiff and the reasons therefore; personal information, including

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

but not limited to the home addresses, telephone numbers, and Social Security numbers of past or present employees other than Plaintiff; and

B.   Any customer, licensee, supplier, and vendor information; pricing, cost, and other financial or marketing information; information relating to the processes, apparatus, or analytical techniques to be used by a Party for its proposed commercial production of products; and agreements, contracts, and proposals (in draft or final form) that a Party believes in good faith could be used by a competitor to harm its business.

## GOOD CAUSE STATEMENT:

The unauthorized or improper use or disclosure of such confidential and proprietary information may irreparably harm Defendants and could expose Abbott employees to identity theft or other privacy intrusions. The Protective Order attached hereto is necessary to maintain the confidentiality of such documents and information and is reasonable in scope. The parties do not believe that any party or non-party not directly involved in the present action would be unfairly prejudiced by the entry of the Protective Order to control the use and disclosure of such confidential and proprietary documents and information in this action.

6.   Access to HIGHLY CONFIDENTIAL INFORMATION shall be restricted to the following people:

A.   Any and all counsel for the Parties herein including in-house counsel, attorneys appearing as "of counsel" to a Party, and any other attorneys in their firms employed to assist such attorneys in connection with this action;

B.   Clerical personnel, paralegals, and other persons employed by said attorneys in the course of assisting said attorneys;

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

014519.00011
12011735.1

C.    Persons employed by any independent litigation support companies employed to assist said attorneys, provided that each such person shall first execute a "Certificate of Compliance With Protective Order" in the form attached hereto as Exhibit A;

D.    Experts, not regularly employed by a Party, in counseling capacity or otherwise with any Party, insofar as the attorneys who obtain such HIGHLY CONFIDENTIAL INFORMATION may deem it necessary for the preparation and trial in this case to consult with such experts, subject to the approval process set forth in Paragraph 6 of this Protective Order,

E.    Current Abbott supervisors and/or mangers; and

F.    Former Abbott supervisors and/or managers if it appears from the face of the document that such person authored or previously received a copy of it, if a foundation can be laid that establishes the document was previously communicated to or received from such person, or if counsel otherwise has a good faith basis to believe such person has previously seen the document in question.  If at any time during a deposition or other examination, it appears that the former Abbott supervisor and/or manager is not familiar with the document, the examining attorney will forthwith remove the document from the view of the witness.

7.    As to any and all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION disclosed during discovery, including, without limitation, deposition testimony, it shall be the duty of the party claiming protection for such information under this Protective Order to designate that such information is considered to be CONFIDENTIAL and covered by this Protective Order.  Such designation shall be made either on the record no later than the conclusion, termination, or suspension of the deposition at which such information is disclosed,

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1   or in writing within three (3) business days after receipt of the transcript of the

2   deposition, and all testimony shall be treated as HIGHLY CONFIDENTIAL until

3   said later deadline has passed.

4       8.    All transcripts, deposition exhibits, answers to interrogatories, other

5   documents or portions thereof that are filed with the Court during this action which

6   previously have been properly designated by any party as comprising or containing

7   CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION under this

8   Protective Order, and all pleadings and memoranda purporting to reproduce,

9   paraphrase, or discuss such information, shall be filed with the Court pursuant to

10  Central District of California Local Rule 79-5.1, as follows:

    A.    If a party wishes to file a document that has been designated in its
11  entirety as CONFIDENTIAL or ATTORNEYS ONLY:

12  •   Manually file and serve a written Application To File Under Seal or
13  In Camera, in conformance with Central District of California Local
14  Rule 79-5.1;

15  •   Lodge with the Clerk and serve a proposed order sealing the
16  document;

17  •   Lodge with the Clerk and serve the entire document, contained in an
18  8 ½-inch by 11-inch sealed envelope or other suitable sealed
19  container, with a cover sheet affixed to the envelope or container,
20  setting out the information required by Local Rule 79-5.1 and
21  prominently displaying the notation:  "DOCUMENT SUBMITTED
22  UNDER SEAL";

23  •   A Notice of Manual Filing shall also be electronically filed
24  identifying the documents submitted under seal that were manually
25  filed;

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- • Lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container; and

- • Submit to the Clerk either a copy of the Protective Order or, under the case number on the title page, type "Filed Under Seal Pursuant to Protective Order," including the date of the Protective Order.

B. If a party wishes to file a document that has been partially designated as CONFIDENTIAL or ATTORNEYS ONLY:

- • Manually File and serve an Application To File Under Seal or In Camera, in conformance with Central District of California Local Rule 79-5.1;

- • Lodge with the Clerk and serve a proposed order that is narrowly tailored to seal only the portion of the document which is claimed to be sealable;

- • Lodge with the Clerk and serve the entire document, contained in an 8 ½-inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Local Rule 79-5.1 and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL." The sealable portions of the document must be identified by notations or highlighting within the test;

- • Lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container, with the sealable portions identified;

- • Lodge with the Clerk and serve a redacted version of the document that can be filed in the public record if the Court grants the sealing order.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- A Notice of Manual Filing shall also be electronically filed identifying the documents submitted under seal that were manually filed;

- Submit to the Clerk either a copy of the Protective Order or, under the case number on the title page, type "Filed Under Seal Pursuant to Protective Order," including the date of the Protective Order.

C.     In the event of any conflict between Paragraph 8 (or any other paragraph) in this proposed Stipulation for Protective Order and any applicable Local Rule (including but not limited to Central District of California Local Rule 79-5.1), the Local Rule shall apply.  In the event the Local Rules of the Central District of California are amended, the Parties will confer to decide if changes to the Confidentiality Order are necessary.

9.     A Party desiring to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION of another Party to a person identified in Paragraphs 6(c), (d), and (f) shall first provide to the other Party a "Certificate of Compliance with Protective Order" in the form attached hereto as Exhibit A signed by the person intended to receive the CONFIDENTIAL or HIGHLY CONFIDENTIAL information.  Persons to whom disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION shall be made by execution and delivery of a copy of Exhibit A shall be limited to the person specified in Paragraphs 6(c),(d) and (f) of this Protective Order, and nothing contained herein shall be deemed to authorize disclosure to any other person.

10.     Notwithstanding the other provisions of this Protective Order, any Party who discloses information to any other Party during the course of discovery in the above-styled lawsuit without designating such disclosed information as CONFIDENTIAL or HIGHLY CONFIDENTIAL may subsequently elect to treat such disclosed information as such upon a determination that such information is, in fact, CONFIDENTIAL or proprietary.  The disclosing Party shall notify the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

receiving Party or Parties in writing of the disclosing Party's election to so treat the disclosed information, whereupon the receiving Party or Parties shall rank or stamp the newly designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION with the words CONFIDENTIAL or HIGHLY CONFIDENTIAL or request the disclosing Party to furnish to the receiving Party or Parties a substitute set of such materials bearing an appropriate legend.  Information newly designated pursuant to this paragraph shall be subject to the full force and effect of this Protective Order with respect to future disclosure by the receiving Party; provided, however, that the receiving Party or Parties shall under no circumstances be liable or accountable for any disclosure of the newly designated information to any person during the interval between the time the new designation was first provided to the receiving Party or Parties and the time at which the disclosing Party so subsequently designates the information, nor shall the receiving Party or Parties be required to retrieve any information distributed prior to such designation.

11.   Nothing herein shall prevent a Party hereto from using documents marked CONFIDENTIAL or HIGHLY CONFIDENTIAL in deposing any present employee of the Party which has so marked the documents in connection with the present litigation.   In addition, nothing herein shall prevent a Party hereto from using documents marked CONFIDENTIAL or HIGHLY CONFIDENTIAL in a deposition of a former employee of the Party which has so marked the documents in connection with the present litigation, so long as that former employee is (i) the author or recipient of the information marked "CONFIDENTIAL," or (ii) based on the evidence, is reasonably believed to have had access to the "CONFIDENTIAL" information in the past.

12.   This Protective Order shall be without prejudice to the right of any Party to bring before the Court at any time the question of:

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

014519.00011
12011735.1

A. Whether any particular documents, materials, testimony, or information should be subject to or is entitled to a higher level of protection than that provided by this Protective Order,

B. Whether any particular documents, materials, testimony, or information has been improperly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL; or

C. Whether any particular documents, materials, testimony, or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is or is not relevant to the issues in this case.

In any such proceeding, the Party seeking the higher level of protection, asserting the protection of confidentiality or the lack of relevance of the information shall have the burden of establishing the same.

13. All information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Protective Order shall be used only for purposes of this litigation, and not for purposes of any other litigation or for any other technical, commercial, or business advantage.

14. Nothing herein shall be regarded as precluding use of information in a document designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Protective Order which:

A. is public at the time of disclosure or thereafter becomes public (unless made public by the Party receiving such information);

B. is or has been lawfully acquired by the receiving Party from a source other than from the testimony, documents, or other material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Protective Order.

In any dispute regarding whether information from a confidential document has fallen into the domain, the burden of proving confidentiality shall fall on the Party who claims that the information has fallen into the public domain.

014519.00011
12011735.1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

15.     Third parties producing documents, testimony, or other materials during the course of this action may designate the same as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL under this Protective Order in the same manner as if produced by a Party and designated hereunder.

16.     Documents, testimony, or other materials produced by third parties in the course of this action may be designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by any Party.  The Party claiming protection for such information must provide notice to every other Party, within three (3) business days of receipt of such information, that the information is considered to be, and should be treated as, CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  All documents, testimony, or other materials produced by third parties shall be treated as HIGHLY CONFIDENTIAL until the three (3) business day deadline has passed with respect to each Party.

17.     At the conclusion of this litigation, by judgment or otherwise, all information designated CONFIDENTIAL shall be returned to the producing Party along with all copies thereof or shall be certified as having been destroyed, except that outside trial counsel may retain one copy of such information, subject to the provisions of this Protective Order.   All information designated as HIGHLY CONFIDENTIAL shall be returned to the producing Party along with all copies thereof, and counsel for each side shall provide an affidavit attesting that all such materials have been returned.  All documents prepared by counsel of record or outside experts and consultants or their staffs containing summaries, abstracts, or quotations of or from documents protected by this Protective Order shall, after the conclusion of this litigation, be kept within the internal files of outside counsel of record for the Party creating such work product documents subject to the duties of confidentiality imposed by this Protective Order or be destroyed.

18.     Neither the termination of this action nor the termination of employment of any person who had access to any CONFIDENTIAL INFORMATION or

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
TEL FAX: (562) 653-3333

014519.00011
12011735.1

HIGHLY CONFIDENTIAL INFORMATION shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Protective Order.

19.    Pursuant to Federal Rule of Evidence 502, if materials protected from disclosure by the attorney-client privilege, work product, or any other privilege are inadvertently or unintentionally disclosed, such disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or any other privilege to which the producing Party or person would otherwise be entitled.  If a claim of inadvertent or unintentional disclosure is made pursuant to this paragraph by the disclosing Party with respect to such material then in the custody of another Party, such Party shall promptly return to the claiming Party or person that material as to which the claim of inadvertent or unintentional production has been made.  The Party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent or unintentional production.

20.    Abbott may provide Plaintiff's counsel with materials subject to a Quick Peek Agreement.  In so doing, Plaintiff and Abbott agree that (1) Abbott shall make agreed-upon materials available to Plaintiff's counsel for inspection, (2) all materials provided pursuant to the Quick Peek Agreement shall be treated as if designated CONFIDENTIAL, (3) the provision of such information shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or any other privilege to which Abbott would otherwise be entitled, (4) Plaintiff's counsel shall review the information and, within 30-days, shall designate the information believed to be relevant and not privileged or otherwise protected, and (5) following Plaintiff's designation, Abbott shall produce relevant information that is not privileged or protected.

014519.00011
12011735.1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

21.     The production of a document or thing in whole or in part does not constitute an admission that the produced document or thing, or portion thereof, is relevant or is properly produced and does not constitute a waiver of the right to otherwise properly withhold from production any other document or thing or to object to the admissibility of such document at trial.

22.     Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a party-client for the prosecution or defense of this action and in the course thereof, referring to or relying upon such attorney's examination of HIGHLY CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any HIGHLY CONFIDENTIAL INFORMATION.   Nothing in this paragraph shall permit any in-house counsel not specifically named in Paragraph 3, above, access to or knowledge of HIGHLY CONFIDENTIAL INFORMATION.

23.     In the event that any person or Party subject to this Protective Order having possession, custody, or control of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of any opposing Party receives from a non-party a subpoena or other process to produce such information, such person or Party shall promptly notify by express mail the attorneys of record of the Party claiming such confidential treatment of its CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION sought by such subpoena or other process, and shall furnish such attorneys of record with a copy of said subpoena, process, or order.   The Party or person receiving the subpoena or other process shall make a timely objection to production of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION on the grounds that production is precluded by this Protective Order.     The Party whose CONFIDENTIAL   INFORMATION   or   HIGHLY   CONFIDENTIAL INFORMATION   is   sought   by   subpoena   or   other   process   shall   have   the responsibility,   in   its   sole   discretion   and   at   its   own   cost,   to   move   against   the

subpoena or other process, or otherwise to oppose entry of an order by a court of competent jurisdiction compelling production of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  In no event shall the person or Party receiving the subpoena or other process produce CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of any opposing Party in response to the subpoena or other process unless and until such person or Party is ordered to do so by a court of competent jurisdiction.

24.    Upon the completion of any proceedings in this matter including appeals, the Parties' counsel shall collect all CONFIDENTIAL INFORMATION, which shall be treated, respectively, as follows:  (a) all documents filed in this matter under seal shall remain under seal; (b) the Parties' counsel may retain their copies of court filings containing or referencing CONFIDENTIAL INFORMATION, subject to the terms of this Protective Order; (c) all documents marked as "CONFIDENTIAL" shall be returned to counsel for the Party who produced it (exclusive of any documents marked as "CONFIDENTIAL" that are in electronic form ("Electronically Stored Information")); and (d) all other CONFIDENTIAL INFORMATION (exclusive of any Electronically Stored Information) shall be collected by the Parties' counsel and destroyed, with written notice of destruction provided to opposing counsel. With respect to Electronically Stored Information, the Parties' counsel shall make reasonable efforts to remove such Electronically Stored Information from Parties' counsels' active systems, specifically, active email servers, active document management systems, and active litigation support databases. The Parties' counsel will not be required, however, to remove such Electronically Stored Information from any back up or disaster recovery systems, or from any other source which is not reasonably accessible because of undue burden or cost.

014519.00011
12011735.1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

25.   Entry of this Protective Order shall not constitute a waiver by the Parties of any objections to disclosure and/or production of any information during discovery.

26.   Nothing herein shall prevent any Party from applying to the Court for a modification of this Protective Order; or from applying to the Court for further or additional protective orders; or from agreeing with the other Party to any modification of this Protective Order subject to the approval of the Court.  In the event of any motion to modify this Protective Order, the receiving Party shall make no disclosure of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION which is the subject of such motion until the Court enters an order requiring such modification, and all appeals from such order have been exhausted.

**SO ORDERED**, this 25TH day of March 25, 2014:

_____
Magistrate Judge John E. McDermott

014519.00011
12011735.1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**EXHIBIT A**

Linda A. Albers            State Bar No. 217250
    Albers@LawSpecialties.com
THE LAW OFFICE OF LINDA A. ALBERS
27794 Hidden Trail Road
Laguna Hills, California  92654
Telephone:  (949) 900-6995

Attorney for Plaintiff NICOLLE MARSHALL

David E. Morrison (*pro hac vice* application pending)
    David.morrison@goldbergkohn.com
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
Telephone:  (312) 201-4000
Facsimile:  (312) 332-2196

Scott K. Dauscher           State Bar No. 204105
    SDauscher@aalrr.com
ATKINSON, ADELSON, LOYA, RUUD & ROMO
12800 Center Court Drive, Suite 300
Cerritos, California  90703
Telephone:  (562) 653-3200
Facsimile:  (562) 653-3333

Attorneys for Defendants ABBOTT LABORATORIES, ABBOTT
LABORATORIES INC., ABBVIE, INC. AND ANETA AUSTIN

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| NICOLLE MARSHALL,<br><br>              Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES,<br>ABBOTT LABORATORIES INC.,<br>which conducts business in California<br>as ABBOTT SALES, MARKETING &<br>DISTRIBUTION CO.; ABBVIE, INC.;<br>ANETA AUSTIN; DOES 1-20<br><br>              Defendants. | **Case No.SACV13-01867 JVS (JEMx)**<br><br><br>**PROTECTIVE ORDER – EXHIBIT A** |

/ / /

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

## CERTIFICATE OF COMPLIANCE WITH PROTECTIVE ORDER

I, _____, hereby certify that I have read and am fully familiar with the provisions of the Protective Order entered on _____, by Magistrate Judge John E. McDermott in the above-captioned matter, hereinafter referred to as the "Protective Order."

As condition precedent to my review or handling of any of the documents or other materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION produced pursuant to the Protective Order, or my obtaining any such information contained in said documents or other materials, I hereby agree to observe and comply with all of the provisions of the Protective Order.  I understand that the CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such information.

At the conclusion of my engagement in connection with this litigation, I will return all materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel of record for the Party by whom I was retained.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this Certificate of Compliance is executed on the _____ day of _____, 2014 at [City or Town] _____, and [State]_____.


_____
[Signature]


_____
Occupation/Job Title

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

014519.00011
12011735.1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1

2

_____
Employer

3

4

_____
Employer's Address

5

6

7

_____
Home Address

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

014519.00011
12011735.1

**CERTIFICATE OF SERVICE**

(CODE CIV. PROC. § 1013A(3))

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is 12800 Center Court Drive South, Suite 300,Cerritos, California 90703-9364.

On March 21, 2014, I hereby certify that I electronically filed the foregoing **[PROPOSED] ORDER RE STIPULATION FOR PROTECTIVE ORDER** with the clerk of the Court for the United States District Court by using the CM/ECF system.  I served the document(s) on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

| ☑ | **BY CM-ECF SYSTEM:** I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM-ECF system. |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 21, 2014, at Cerritos, California.

*/s/ Lisa Uyesugi*
Lisa Uyesugi

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
TEL FAX: (562) 653-3333

## SERVICE LIST

| Linda A. Albers, Esq.<br>THE LAW OFFICE OF LINDA A. ALBERS<br>A Professional Law Corporation<br>27794 Hidden Trail Road<br>Laguna Hills, CA  92653 | **Attorneys for Plaintiff**<br>**NICOLLE MARSHALL**<br><br>Telephone:   (949) 900-6995<br>Facsimile:   (949) 861-9546<br>E-Mail:  *albers@LawSpecialties.com* |
|---|---|
| David E. Morrison, Esq. (admitted *pro hac vice*)<br>GOLDBERG KOHN LTD.<br>55 East Monroe Street, Suite 3300<br>Chicago, Illinois  60603 | **Co-Counsel for Defendants,**<br>**ABBOTT LABORATORIES,**<br>**ABBOTT LABORATORIES INC.,**<br>**ABBVIE, INC., AND ANETA AUSTIN**<br><br>Telephone:   (312) 201-4000<br>Facsimile:    (312) 332-2196<br>E-Mail:*David.morrison@goldbergkohn.com* |

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

014519.00011
12011735.1